## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| Laura Bukowski, | Case No. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| Resurgent Capital Services, L.P. c/o Corporation Service Company 508 Meeting Street West Columbia, SC 29169, | **Jury Demand Requested** |
| Defendant. | |

## JURISDICTION AND VENUE

1- This court has jurisdiction pursuant to 28 U.S.C. §§1331, 1337, 1367; and 15 U.S.C. §1692k(d).

2- Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

3- Plaintiff is a resident of the State of Illinois.

4- Plaintiff is a "consumer" as defined in the Fair Debt Collection Practices Act, 15 USC 1692 et seq. ("FDCPA").

5- Plaintiff incurred a "Debt" as defined in the FDCPA.

6- Defendant is a company with its principal office in the State of South Carolina.

7- Defendant acquired the Debt after it was in default.

8- Defendant regularly attempts to collects, or attempts to collect, debts that it acquired after the same were in default.

9- Defendant uses instruments of interstate commerce for its principal purpose of business, which is the collection of debts.

1

10- At all times relevant, Defendant was a "debt collector" as defined in the FDCPA.

## FACTS COMMON TO ALL COUNTS

11- Prior to December 2020, Plaintiff incurred a consumer debt (the Debt).

12- Prior to December 2020, Plaintiff default on the Debt.

13- Prior to December 2020, the Debt was sold to Defendant.

14- In December 2020, Defendant sent a dunning letter to Plaintiff to collect the Debt (the "Letter").

15- In the Letter, Defendant was required to notify Plaintiff of her rights to request verification of the Debt under 1692g of the FDCPA.

16- The letter did not include the required language under the FDCPA.

17- By failing to include the 1692g, Defendant violated the FDCPA.

18- Defendant damaged Plaintiff.

## COUNT I

19- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

20- Defendant violated 15 USC § 1692j(a)(2) filing a collection lawsuit in an improper venue.

## COUNT II

21- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

22- Defendant violated 15 USC § 1692e by engaging in false, deceptive, or misleading methods to collect a debt.

## COUNT III

23- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

24- Defendant violated 15 USC § 1692f by engaging in unfair and/or unconscionable means to collect, or attempt to collect, the Debt.

## COUNT IV

25- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

26- Defendant violated 15 USC § 1692g by failing to include the required notice advising Plaintiff of her rights to dispute the Debt and request verification.

## JURY DEMAND

27- Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

28- Plaintiff prays for the following relief:

a.  Judgment against Defendant for Plaintiff's actual damages, as determined at trial, suffered as a direct and proximate result Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(1);

b.  Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(2)(A);

c.  Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

d.  Any other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

The Litigation Practice Group

By: */s/ Richard J. Meier*
Richard J. Meier
17542 E 17th Street, Suite 100
Tustin, CA 92780
Tel: 657-600-9790
Fax: 949-315-4332
richard@lpglaw.com
*Attorneys for Plaintiff*